**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| JUSTIN BERNIER,           ) | |
|             Plaintiff,   ) | |
| v.                        ) | Civil No. 04-280-P-C |
| UNICCO SERVICE COMPANY,   ) | |
|             Defendant.   ) | |

**ORDER ON DE NOVO REVIEW OF THE RECOMMENDED**
**DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I accept the Magistrate Judge's Recommended Decision on Defendant's Motion for Summary Judgment in all respects but one and give the following explication for the exception. I reject the recommendation that the Defendant receive summary judgment on the punitive damages claim on Count I of the Second Amended Complaint, at 2-3.

I find from this record ample evidence from which a fact-finder could conclude at least by inference that the manager Azzaratta acted in "a managerial capacity" when he took the relevant employment actions toward the Plaintiff. The deposition testimony of Azzaratta's supervisor, Mr. Kennedy, *inter alia,* establishes that Azzaratta had "complete authority" to make termination decisions. Kennedy Dep. At 9: 16-23, 11: 18-23, and 62: 11-14. Azzaratta himself deposed that he exercised this authority when he made the decision to terminate the Plaintiff. There clearly is a sufficient foundation in the record to

support the conclusion that Azzaratta acted at a sufficiently elevated level of management to permit any misconduct on his part in terminating Plaintiff to be imputed to the Defendant under the Act.

Next, I find that a fact-finder could validly infer from the entire record and its description of Azzaratta's role and actions that he was well aware of an MHRA prohibition on discriminating against an employee under his supervision because of a physical disability. It is reasonable to make such an inference about a manager who has "complete authority" to make termination decisions when he acts for an employer who has in place specific and comprehensive policies and requirements purporting to enforce the content of disability discrimination laws. Here, the record permits the inference that Azzaratta received a copy of those policies and was trained about their application and meaning. The record contains material issues of fact regarding Defendant's motive or state of mind when terminating Plaintiff and, therefore, Plaintiff's claim for punitive damages should remain in the case for trial.[1]

Accordingly, after full de novo review, it is hereby **ORDERED** that the Recommended Decision herein (Docket Item No. 83) be, and it is hereby, **ACCEPTED, AFFIRMED** and **ADOPTED** as the judgment of this Court in all respects **EXCEPT** that summary judgment is not granted to Defendant on the punitive damages claim of Count I of the Second Amended Complaint. It is **FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Docket Item No. 33) be, and it is hereby, **GRANTED** as

---

[1] Because the Court's decision permits the punitive damages claim in Count I to go forward on the basis that there are is sufficient evidence in the record to raise a material issues of fact regarding Defendant's motive or state of mind when terminating Plaintiff, it is unnecessary to address Plaintiff's alternative basis for punitive damages – evidence of an alleged cover up by Defendant after the termination.

to any claims for reinstatement or front pay, without objection, and it is **DENIED** in all other respects.

/s/Gene Carter_____
GENE CARTER
Senior District Court Judge

Dated at Portland, Maine this 26th day of May, 2006.

3